UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
NOV 03 2020
Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC JOSEPH NEAL,
a/k/a "Bones,"

███████████████████████ and

KRISTIE LEA WEBB,

    Defendants.

No. 3:20-CR 100

JUDGES McDonough/Guyton

## INDICTMENT
### COUNT ONE

The Grand Jury charges that, beginning at least as early as in or around December of 2019, through on or about March 11, 2020, in the Eastern District of Tennessee and elsewhere, the defendants,

ERIC JOSEPH NEAL,
a/k/a "Bones,"



and

KRISTIE LEA WEBB,

did combine, conspire, confederate, and agree with each other, and other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO

The Grand Jury further charges that, on or about December 12, 2019, in the Eastern District of Tennessee and elsewhere, the defendants,

did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18 United States Code Section 2.

## COUNT THREE

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18 United States Code Section 2.

## COUNT FOUR

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

did knowingly and intentionally possess with intent to distribute one hundred (100) grams or more of a mixture and substance containing Heroin, a Schedule I controlled substance, in violation of

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18 United States Code Section 2.

## COUNT FIVE

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

███████████████

did knowingly possess a firearm in furtherance of a drug trafficking crime, an offense for which the defendant may be prosecuted in a court of the United States, as set forth in Count One, Count Three, and Count Four of this Indictment, the descriptions of which are hereby incorporated by reference as though fully set forth herein, all in violation of Title 18, United States Code, Section 924(c). It is further alleged that the firearm was discharged under Title 18, United States Code, Section 924(c)(iii).

## COUNT SIX

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

███████████████

did unlawfully attempt to kill, with malice aforethought, Tennessee Highway Patrol Trooper R.T., a person who was assisting an officer and employee of the United States, that is a Special Agent of the Department of Homeland Security, while the Special Agent with the Department of Homeland Security was engaged in the performance of official duties, and on account of that assistance, in violation of Title 18, United States Code, Section 1114.

## COUNT SEVEN

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

████████████

did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, as set forth in Count Six of this Indictment, the description of which is hereby incorporated by reference as though fully set forth herein, all in violation of Title 18, United States Code, Section 924(c). It is further alleged that the firearm was discharged under Title 18, United States Code, Section 924(c)(iii).

## COUNT EIGHT

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

████████████

did unlawfully attempt to kill, with malice aforethought, Tennessee Highway Patrol Trooper K.G., a person who was assisting an officer and employee of the United States, that is a Special Agent of the Department of Homeland Security, while the Special Agent with the Department of Homeland Security was engaged in the performance of official duties, and on account of that assistance, in violation of Title 18, United States Code, Section 1114.

## COUNT NINE

The Grand Jury further charges that, on or about January 9, 2020, in the Eastern District of Tennessee and elsewhere, the defendant,

████████████

did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, as set forth in Count Eight of this Indictment, the description of which is hereby incorporated by reference as though fully set forth herein, all in violation of Title 18, United States Code, Section 924(c). It is further alleged that the firearm was discharged under Title 18, United States Code, Section 924(c)(iii).

## COUNT TEN

The Grand Jury further charges that from beginning at least as early as in or around December of 2019, through on or about March 11, 2020, in the Eastern District of Tennessee, and elsewhere, the defendant,

███████████████

and other persons known and unknown to the Grand Jury, did knowingly, intentionally, and without authority, combine, conspire, confederate and agree with each other and with diverse others to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, to wit, bulk cash transactions and electronic cash transfers, which transactions involved the proceeds of specified unlawful activity, that is, the conspiracy to possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, as charged in Count One of the Indictment, with the intent to promote the carrying on the specified activity, that is, the conspiracy to possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, as charged in Count One of the Indictment, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds

5

of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), and all in violation of Title 18, United States Code, Section 1956(h).

### Drug Trafficking Forfeiture Allegations

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and 841, the defendants,

**ERIC JOSEPH NEAL,**
a/k/a "Bones,"



and
**KRISTIE LEA WEBB,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to the following:

### Money Judgment

Proceeds the defendants, **ERIC JOSEPH NEAL,** a/k/a "Bones," and **KRISTIE LEA WEBB,** personally obtained as a result of the violations of Title 21, United States Code, Section 846 from the sale of methamphetamine.

6

Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty

### Money Laundering Forfeiture Allegations

The allegation contained in Count Nine is hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1). Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction under Count Two of this Indictment.

Upon conviction of the offenses of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h), as set forth in the Indictment, the defendant ▮▮▮▮▮▮▮▮▮▮ shall, upon conviction, forfeit to the United States any property, real or personal, involved in a violation of Title 18, United States Code, Section 1956, and any and all property traceable thereto, including but not limited to:

7

## Money Judgment

Proceeds the defendant ███████████████ personally obtained which represents the funds involved in or derived from financial transactions as a result of the violations of Title 18, United States Code, Section 1956.

Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred, sold to, or deposited with a third party;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

KEVIN QUENCER
Assistant United States Attorney